**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| | Case No. 2:16-cv-09076 (VEB) |
| PATRICIA COE, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| NANCY BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In April of 2013, Plaintiff Patricia Coe applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, proceeding *pro se*, seeks judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12). On January 5, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 28).

## II. BACKGROUND

Plaintiff applied for benefits on April 1, 2013, and April 11, 2013, alleging disability beginning January 2, 2009. (T at 162-87).[2] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On February 12, 2015, a hearing was held before ALJ John Moreen. (T at 45). Plaintiff appeared with an attorney and testified. (T at 49-67). The ALJ also received testimony from Elizabeth Brown-Ramos, a vocational expert. (T at 68-73).

On June 17, 2015, the ALJ issued a written decision denying the applications for benefits. (T at 26-44). The ALJ's decision became the Commissioner's final decision on October 20, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-8).

---

[2] Citations to ("T") refer to the administrative record transcript at Docket No. 22.

On December 7, 2016, Plaintiff, acting by and through the Law Offices of Rohlfing & Kalagian, LLP, Laura E. Krank, Esq., of counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on July 25, 2017. (Docket No. 21).

On April 25, 2017, Attorney Krank moved to withdraw as counsel for Plaintiff. The Commissioner filed a motion for summary judgment on June 29, 2017. (Docket No. 20). The Magistrate Judge assigned to this case as that time granted Attorney Krank's motion to withdraw on October 24, 2017 (Docket No. 23), and advised Plaintiff that she need to respond to the Commissioner's motion and file her own motion. (Docket No. 24). Plaintiff submitted voluminous medical records to the Commissioner, which were filed on January 10, 2018. (Docket No. 30).

After reviewing the pleadings, motion papers, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case must be remanded for further proceedings.

### III. DISCUSSION

**A.      Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable

3

DECISION AND ORDER – COE v BERRYHILL 2:16-CV-09076-VEB

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s)

with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the

Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.    Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 2, 2009, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2012 (the "date last insured"). (T at 21). The ALJ found that Plaintiff had multiple non-severe medical

impairments, but no impairments considered "severe" as defined under the Act. However, the ALJ continued the sequential evaluation because he concluded that Plaintiff's dysthymia (persistent mild depression) prevented her from returning to her past relevant work. (Tr. 31).

The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 34).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform work at all exertional levels, but could perform no more than simple repetitive tasks and could have only occasional contact with others. (T at 34).

The ALJ found that Plaintiff could not perform her past relevant work as a teacher aide, branch library clerk, or after-school instructional assistant. (T at 36). However, considering Plaintiff's age (39 years old on the alleged onset date), education (at least high school), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 36).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between January 2, 2009 (the alleged onset date) and June 17, 2015 (the date of the decision) and was therefore not entitled to

benefits. (T at 37-38). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-8).

### IV. ANALYSIS

**A.     *Pro Se* Status**

As a threshold matter, this Court is mindful that Plaintiff is proceeding *pro se*. A *pro se* litigant's pleadings are construed more liberally than pleadings prepared by counsel. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

A *pro se* litigant should receive leniency with respect to non-compliance with technical or procedural rules, but "a *pro se* litigant is not excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

After her lawyer was relieved, Plaintiff was given a further opportunity to file a motion for summary judgment and to file opposition to the Commissioner's motion. (Docket No. 24). Plaintiff was cautioned that failure to comply could result in dismissal of this action. (Docket No. 24). Plaintiff requested and received an extension of time to January 4, 2018. (Docket No. 27). Plaintiff filed a letter with

9

DECISION AND ORDER – COE v BERRYHILL 2:16-CV-09076-VEB

the Court on December 27, 2017, but the Magistrate Judge assigned to this case at that time rejected the filing based on non-compliance with Local Rule 83-2.5, which forbids a party from sending letters to the Court. (Docket No. 29). Plaintiff thereafter sent Commissioner's counsel a large volume of documents, which Commissioner's counsel filed on January 10, 2018. (Docket No. 30).

Although Plaintiff did not comply with the directive to file a summary judgment motion and did not formally respond to the Commissioner's motion, this Court elects not to dismiss this action for procedural non-compliance and will review the Commissioner's decision to determine whether it is supported by substantial evidence.

**B.     Medical Opinion Evidence before the ALJ**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons

that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

In August of 2014, Dr. Jair Wong, an internal medicine specialist, completed a new patient assessment for Plaintiff. He noted a diagnosis of major depressive disorder, recurrent episode, mild degree, but reported that Plaintiff was not taking any medications and had no complaints. (T at 464).

Dr. Rosa Colonna, a psychologist, performed a consultative psychological evaluation in March of 2015. Dr. Colonna assessed no limitation as to understanding, remembering, or carrying out simple instructions and mild limitations with respect to complex tasks. (T at 504). She opined that Plaintiff would have mild limitation as to social interactions. (T at 505).

Dr. Colonna diagnosed dysthymia and assigned a Global Assessment of Functioning ("GAF") score[3] of 60 (T at 511), which is indicative of moderate symptoms or difficulty in social, occupational or educational functioning. *Metcalfe v. Astrue*, No. EDCV 07-1039, 2008 US. Dist. LEXIS 83095, at *9 (Cal. CD Sep't 29, 2008). Dr. Colonna opined that Plaintiff would benefit from supportive psychotherapy and might struggle in a competitive job market due to a "mild inability to interact appropriately with supervisors, coworkers, and peers." (T at 512).

Dr. Sandra Francis, a non-examining State Agency review physician, concluded that Plaintiff had mild, non-severe affective disorder with mild limitation as to activities of daily living, social functioning, and maintaining concentration, persistence, or pace. (T at 84).

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

If this were the only medical opinion evidence of record, this Court would conclude that the ALJ's decision was supported by substantial evidence. However, the record was supplemented by additional, material evidence submitted to the Appeals Council.

C. **Additional Evidence**

After the ALJ issued his decision, Plaintiff provided the Appeals Council with a medical source statement (mental) form completed by Dr. Nagwa Azer, her treating family physician. Dr. Azer reported diagnoses of major bipolar depression, attention disorder, and post-traumatic stress disorder. (T at 681). Dr. Azer assessed marked limitation as to understanding and remembering short, simple instructions and moderate limitation with respect to complex or detailed instructions. (T at 681).

Dr. Azer assessed moderate limitations as to Plaintiff's ability to engage in social interactions, with marked impairment in her ability to perform at a consistent pace without more than regular breaks in a workday. (T at 682). Dr. Azer also completed an assessment of Plaintiff's physical limitations, wherein he opined that Plaintiff's impairments would likely cause her to be absent from work more than 4 days per month. (T at 697).

The Appeals Council is required to consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20

C.F.R. § 404.970(b); see also § 416.1470(b). The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); see § 416.1470(b)."

In the Ninth Circuit, when the Appeals Council considers new evidence in the context of denying the claimant's request for review, the reviewing federal court must "consider the rulings of both the ALJ and the Appeals Council," and the record before the court includes the ALJ's decision and the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).

Because the Appeals Council's decision to deny the claimant's request for review is not a "final decision" by the Commissioner, the federal courts have no jurisdiction to review it. Rather, the question is whether "the ALJ's decision is supported by substantial evidence after taking into account the new evidence." *Acheson v. Astrue*, No. CV-09-304, 2011 U.S. Dist. LEXIS 25898, at *11 (E.D. Wash. Mar. 11, 2011); *see also Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011). If the new evidence creates a reasonable possibility that it would change the outcome of the ALJ's decision, then remand is appropriate to

allow the ALJ to consider the evidence. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

This Court finds that the new evidence creates a reasonable possibility that it would change the outcome of the ALJ's decision. The Commissioner asserts that Dr. Azer's assessments are "check-box" forms that should be afforded little weight. This is not correct. Dr. Azer actually provided several pages of notes that described his observations, summarized his assessment of Plaintiff's present illnesses, described her past history, set forth the findings of a mental status examination, explained his assessment of her current level of functioning, and provided a prognosis. (T at 684-87). Although the assessment was provided after the ALJ's decision, medical reports "containing observations made after the period for disability are relevant to assess the claimant's disability." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) (citing *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975)); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1034 n.3 (9th Cir. 2007) (noting that "reports containing observations made after the period for disability are relevant to assess the claimant's disability"). Moreover, because Dr. Azer was Plaintiff's treating provider it is possible and, indeed, likely, that the assessment was based in part on observations made prior to the ALJ's decision.

The ALJ based his decision in material part on the "absence of any doctor's opinion supporting [Plaintiff's] claim for disability." (T at 35). The assessment of Dr. Azar, a treating physician, supports Plaintiff's claim and creates a reasonable possibility of a different outcome. As such, a remand is required.

**D.     Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. While Dr. Azar's assessment creates a reasonable possibility of a different outcome, there is conflicting evidence and the Commissioner is not necessarily required to accept Dr. Azar's opinion regarding the full extent of Plaintiff's limitations. Rather, the ALJ will need to make a full assessment, based on the record as supplemented by Dr. Azar's opinion, regarding Plaintiff's residual functional capacity. In addition, further review, including follow-up with Dr. Azar, may be necessary for an assessment as to the onset of disability, if disability is established.

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for further proceedings, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order, serve a copy upon Plaintiff *pro se*, and CLOSE this case.

DATED this 12th day of April 2018,

                                                /s/Victor E. Bianchini
                                                VICTOR E. BIANCHINI
                                          UNITED STATES MAGISTRATE JUDGE